**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**UNITED STATES OF AMERICA**

> **v.**                                                            **Criminal Case No. 3:20cr49**

**JOSEPH MARVIN BRYANT,**

> **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Joseph Marvin Bryant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 821 (the "Motion" or "Motion for Sentence Reduction"). (ECF No. 68.) The United States responded in opposition to the Motion, (ECF No. 68), and Mr. Bryant replied, (ECF No. 70).

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons articulated below, the Court will deny the Motion for Sentence Reduction.

## I. Background

On May 27, 2020, a Grand Jury for the Eastern District of Virginia returned a one-count Indictment against Mr. Bryant charging him with aggravated sexual abuse in violation of 18 U.S.C. § 2241(c). (ECF No. 16.) Mr. Bryant entered into a plea agreement with the United States, and on October 9, 2020, pursuant to that plea agreement, Mr. Bryant pled guilty to a one-count Criminal Information charging him with coercion and enticement in violation of 18 U.S.C. § 2422(b). (ECF Nos. 35–38.) The plea agreement, (ECF No. 37), and the accompanying statement of facts, (ECF No. 38), describe the conduct in Mr. Bryant's underlying offense.

In January 2020, an undercover agent with the Federal Bureau of Investigation's ("FBI") Richmond field office created an online profile on the Internet website "Alt.com," holding himself out as an adult woman from Chesterfield, Virginia "with interests in 'young/old,' 'mommy/daddy play,' and 'taboo family.'" (ECF No. 38 ¶ 2.) On January 16, 2020, the agent's online personality received a message on Alt.com from an individual using the moniker "Master_Joe_2000," later identified as Mr. Bryant, who "asked the persona whether she had been 'owned' and 'had any children.'" (ECF No. 38 ¶¶ 2, 5.) The agent and Mr. Bryant moved their conversation to the chat platform, "WhatsApp," where the agent, posing as the "mother," informed Mr. Bryant that she had a 10-year-old daughter. (ECF No. 38 ¶ 3.)

Between January 16, 2020 and February 20, 2020, Mr. Bryant "repeatedly," and through explicit comments, "expressed interest in engaging in sexual conduct with the 'mother's' 10-year-old daughter's persona." (ECF No. 38 ¶ 3.) During the chats, Mr. Bryant revealed personally identifying information including his first name, his residence, and his phone number. (ECF No. 38 ¶ 5.) Using this information, the FBI identified Mr. Bryant as "Master_Joe_2000," and arranged a meeting between Mr. Bryant and the purported "mother" of the 10-year-old girl at a Wegmans grocery store in Midlothian, Virginia. (ECF No. 38 ¶ 6.) Mr. Bryant appeared at the Wegmans, where he was arrested and his phone was seized. (ECF No. 38 ¶ 6.) During subsequent interviews with law enforcement, Mr. Bryant admitted to chatting with the "mother" of the 10-year-old girl, (ECF No. 38 ¶ 7), and forensic examination of his cellphone revealed messages between the FBI agent and "Master_Joe_2000." (ECF No. 38 ¶ 8.)

Prior to sentencing, the probation officer prepared a Presentence Report ("PSR") for Mr. Bryant. (ECF No. 42.) According to the law at the time, Mr. Bryant had a Total Offense Level of 33 and 0 criminal history points, which correlated to a Criminal History Category of I. (ECF

2

No. 42 ¶¶ 40, 43–44, 75–76.)  This resulted in a Sentencing Guidelines range of 135–168 months.  (*See* ECF No. 42, at 15.)

On February 25, 2021, the Court sentenced Mr. Bryant to 135 months' imprisonment, the lowest end of the Guideline range.  (*See* ECF No. 57, at 1–2.)  Mr. Bryant is currently housed at FCI Coleman Low in Sumter County, Florida.  *See Fed. Inmate Locator,* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 26, 2026).  The Bureau of Prisons ("BOP") identifies Mr. Bryant's release date as September 19, 2028. *See id.*

## II.  Sentence Reduction Under Amendment 821

On November 1, 2023, amendments to the advisory Sentencing Guidelines took effect. In relevant part, Amendment 821 provides for a decrease of two offense levels for individuals with no criminal history points and whose offense did not involve specific aggravating factors. U.S. Sentencing Comm'n., *Amendment to the Sentencing Guidelines* (August 31, 2023).[1]  On August 24, 2023, the Commission voted to give retroactive effect to these provisions of Amendment 821. *Id.*; *see also* U.S. Sentencing Comm'n, *U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces its Next Set of Policy Priorities* (Aug. 24, 2023), available at https://www.ussc.gov/about/news/press-releases/august-24-2023 (last accessed May 20, 2026).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010).  In *Dillon*, the United States Supreme Court has set forth a two-step process for ruling on a motion for sentence

---

[1] This document is available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/7J5V-YKNY].

reduction pursuant to § 3582(c)(2). *United States v. Davis*, —F.4th—, 2026 WL 1291531, at *3 (4th Cir. 2026). First, a court must "'follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the [defendant's] eligibility for a sentence reduction and the extent of the reduction authorized.'" *Id.* (quoting *Dillon*, 560 U.S. at 827). U.S.S.G. § 1B1.10(b)(1) "requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)).

Second, after determining that a sentence reduction is available, a court must consider the § 3553(a) factors and any relevant post-conviction conduct to determine whether "in its discretion, the reduction authorized by the reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. Pursuant to § 3553(a), a court must weigh factors including "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed . . . to promote respect for the law . . . ; to afford adequate deterrence to criminal conduct; . . . [and] to protect from the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)–(2). Section 3553(a) also directs a court to consider the kinds of sentences available and the sentencing range established for the offense. 18 U.S.C. § 3553(a)(4).

The United States Supreme Court and the United States Court of Appeals for the Fourth Circuit have emphasized that § 3582(c)(2) does not authorize a sentencing or resentencing proceeding, and a motion pursuant to § 3582(c)(2) is not a "do-over" of the original sentencing proceeding. *See Davis*, 2026 WL 1291531, at *4 (citing *Dillon*, 560 U.S. at 825). To that end, a court "need not engage in ritualistic incantation" of the § 3553(a) factors in considering such a

motion, and it is "sufficient if the district court rules [only] on the issues that have been fully presented for determination." *Id.* (citation omitted).

### III. Analysis

Mr. Bryant contends that he is eligible for a two-level decrease to his Total Offense Level as a zero-point offender under Amendment 821 and U.S.S.G. § 4C1.1. Applying this two-point decrease would reduce his Total Offense Level from 33 to 31 and, combined with his Criminal History Category I, reduce his advisory Guideline range from 135–168 months to 120–135 months.[2] (ECF No. 68, at 3.)

The United States argues that although Mr. Bryant is a zero-point offender, he is not eligible for a sentence reduction under Amendment 821 because his offense of conviction is a "sex offense" as defined in U.S.S.G. § 4C1.1(b)(2), which exempts him from entitlement to the two-point reduction under § 4C1.1. (ECF No. 69, at 2–5.)

For the reasons articulated below, the Court finds that Mr. Bryant's conviction is a "sex offense" as defined in U.S.S.G. § 4C1.1(b)(2) such that he is ineligible for a two-point reduction under § 4C1.1(a). The Court will deny the Motion for Sentence Reduction.

---

[2] A Total Offense Level of 31 and Criminal History Category I results in an advisory Guideline range of 108–135 months. *See* U.S.S.G. Ch. 5 Pt. A (Sentencing Table). However, Mr. Bryant's conviction under 18 U.S.C. § 2422(b) carries a mandatory minimum of ten-years' imprisonment, so his amended Guideline range is restricted to a minimum of 120 months.

**A.** **Mr. Bryant Was Convicted of a "Sex Offense" as Defined in § 4C1.1(b)(2) (2023), Meaning He is Not Eligible for a Sentence Reduction as a Zero-Point Offender Under Amendment 821**

Mr. Bryant argues that he is eligible for a sentence reduction pursuant to Amendment 821 because, "were he sentenced now, he would be eligible for a two-level decrease to his offense level as a zero-point offender pursuant to U.S.S.G. § 4C1.1." (ECF No. 68, at 3.) Mr. Bryant acknowledges that defendants convicted of a "sex offense" as defined under § 4C1.1(b)(2) are ineligible for § 4C1.1's two-point reduction, but he contends that his "conviction does not fall within that exception because his offense was not perpetrated against a real, actual minor," but rather an undercover law enforcement officer impersonating a minor. (ECF No. 68, at 3 n.1; *see also* ECF No. 70.)

The United States maintains that Mr. Bryant's conviction "*does* fall within the U.S.S.G. § 4C1.1(a)(5) exception" because the definition of "sex offense" included in § 4C1.1 includes an "attempt" to commit one of the listed sex offenses, and a defendant may be convicted of attempt under 18 U.S.C. § 2422(b) where the defendant believed the victim to be a minor, even though the purported victim was an adult, such as a law enforcement officer playing a role of a minor. (ECF No. 69, at 5 (citing *United States v. Dahl*, 81 F. Supp. 3d 405, 407 (E.D. Pa. 2015).)

**1.** **Legal Standard: Adjustment for Zero-Point Offenders**

U.S.S.G. § 4C1.1 provides a two-level decrease for offenders without any criminal history points and who satisfy a series of additional criteria. U.S.S.G. § 4C1.1(a). Relevant here, these criteria include the requirement that the defendant's "offense of conviction is not a *sex offense*." U.S.S.G. § 4C1.1(a)(5) (emphasis added).

6

As originally enacted,[3] U.S.S.G. § 4C1.1(b)(2) defined a "sex offense" to mean:

(A) an offense, *perpetrated against a minor*, under

> (i) chapter 109A of title 18, United States Code [18 U.S.C. §§ 2241–2248];
>
> (ii) chapter 110 of title 18, not including a recordkeeping offense [18 U.S.C. §§ 2251–2260a];
>
> (iii) chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual [18 U.S.C. §§ 2421–2429]; or
>
> (iv) 18 U.S.C. 1591; or

(B) *an attempt* or conspiracy *to commit any offense described in subparagraphs (A)(i) through (iv)* of this definition.

U.S.S.G. § 4C1.1(b)(2) (2023) (emphases added).

### 2.    Mr. Bryant's Conviction Under 18 U.S.C. § 2422(b) is a "Sex Offense" Under U.S.S.G. §§ 4C1.1(a)(5) and (b)(2)

Mr. Bryant's conviction constitutes a "sex offense" as defined in § 4C1.1(b)(2), making

him ineligible for the two-point sentence reduction under § 4C1.1(a).  As the United States

correctly argues, § 4C1.1's definition of "sex offense" includes an offense "perpetrated against a

minor" or "*an attempt to commit*" an offense under 18 U.S.C. § 2422(b).  U.S.S.G.

---

[3] In 2024, the United States Sentencing Commission amended the definition of "sex offense" to remove the phrase "perpetrated against a minor." U.S.S.G. § 4C1.1(b)(2)(2024). The Committee explained that the change was intended to "ensure that any individual who commits a covered sex offense against any victim, regardless of age, is excluded from receiving the 2-level reduction." United States Sentencing Commission, *Amendments to the Sentencing Guidelines*, at 29 (Apr. 30, 2024).

The Court applies the original language of § 4C1.1(b)(2) in considering Mr. Bryant's motion because that is the language used in Amendment 821. *United States v. Butler*, No. CR-21-271, 2025 WL 322284, at *2 n.2 (W.D. Okla. Jan. 28, 2025) (citing *United States v. Morales*, 122 F.4th 590, 596 n.5 (5th Cir. 2024)); *see also United States v. Schank*, No. 17-37, 2025 WL 283686, at *1 (E.D. Ky. Jan. 23, 2025) (applying original definition of "sex offense" in considering an 821 motion after the Sentencing Commission amended the definition of "sex offense").

§§ 4C1.1(b)(2)(A)(iii), (B) (emphasis added).  18 U.S.C. § 2422(b), in turn, makes it a crime to use means of interstate or foreign commerce to "knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 17 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, *or attempt[] to do so.*" *Id.* (emphasis added).

Courts have routinely held that § 2422(b)'s attempt provision applies in circumstances where, as here, the defendant's conduct is perpetrated against an adult that the defendant believed was a minor, including a law enforcement officer impersonating a minor.  *Dahl*, 81 F. Supp. 3d at 407 (explaining that 18 U.S.C. § 2422(b)'s attempt language "has been construed to include . . . circumstance[s] where the intended victim is simply an individual whom the offender believes to be a minor," including "where the offender believes the victim to be a minor, even though the purported victim is actually an adult, such as a law enforcement official playing a role of a minor"); *United States v. Kelly*, 510 F.3d 433, 441 n.7 (4th Cir. 2007) ("[C]ourts have uniformly rejected the argument that an actual child must be placed at risk to secure a conviction under § 2422(b).").

Thus, that Mr. Bryant's offense was perpetrated against a *fictitious* minor does not mean that it falls beyond § 4C1.1(b)(2)'s definition of "sex offense," which expressly includes a defendant's "attempt" to commit a violation of 18 U.S.C. § 2422(b).  *See United States v. Ledoux*, 1:19-cr-68-01, 2024 WL 939996, at *1 (W.D. Mich. Mar. 5, 2024) (finding the defendant ineligible for a sentence reduction under § 4C1.1 because his conviction for attempted coercion and enticement of a minor under 18 U.S.C. § 2422(b) was a sex offense as defined by U.S.S.G. § 4C1.1(b)(2)).

Mr. Bryant next argues that "just because a person can be found guilty of coercing or enticing a fictitious minor for the purpose of guilt under 18 U.S.C. § 2422(b) does not mean that the person committed or attempted to commit an offense against a 'minor' for the purpose of eligibility under U.S.S.G. § 4C1.1(b)(2)" because there is "nothing to indicate that the Sentencing Commission intended to incorporate the counter-intuitive reading of 'minor' (including both real and fictitious minors) as it is used in § 2422(b) in the eligibility provision of U.S.S.G. § 4C1.1." (ECF No. 70, at 2.)  That is, Mr. Bryant asserts that even if § 2422(b), and courts' interpretation of that statute, contemplate "minor" to include a fictitious minor, the *Guideline* does not.  In so arguing, he contends that there is "good reason" to think that the Sentencing Commission did not intend for "minor" to mean real *and* fictitious minors when it drafted § 4C1.1:  according to Mr. Bryant, other provisions of the Guidelines define "minor" to expressly include fictitious minors, while § 4C1.1 does not.  (ECF No. 70, at 2–3 (citing U.S.S.G. §§ 2A3.1, 2G1.3).)

Mr. Bryant's argument misses the mark.  He is correct that several provisions of the Guidelines define "minor," and some of those provisions expressly define "minor" to include a "fictitious" minor.  *See, e.g.*, U.S.S.G. §§ 2A3.1, 2G1.3 (defining minor to include an individual, "whether fictitious or not, who a law enforcement officer represented to a participant had . . . not attained the age of 18 years").  But the text of § 4C1.1 does not define "minor" at all, nor does its application require a court to consider the definition of "minor."  Instead, § 4C1.1 requires a court to determine what constitutes a "sex offense," and § 4C1.1(b)(2) makes clear that a "sex offense" includes an offense, or an attempted offense, under *any* one of the statutes identified by § 4C1.1(b)(2).

Application of § 4C1.1(a)(5) therefore does not require the Court to determine whether the offense involved a "minor." Instead, it asks whether the defendant perpetrated, or attempted to perpetrate, one of the listed "sex offenses." *See* § 4C1.1(b)(2). The Guideline makes clear that "sex offenses" include those committed in violation of an offense under "chapter 117 of title 18," which includes Mr. Bryant's underlying violation of 18 U.S.C. § 2422(b). *See* § 4C1.1(b)(2)(iii). And, as discussed above, 18 U.S.C. § 2422(b) applies even when the victim was not a minor, such as a law enforcement officer impersonating a minor, but where the defendant believes the victim to be one. Therefore, contrary to Mr. Bryant's assertion, it *is* the case that, at least here, "because [Mr. Bryant] can be found guilty of coercing or enticing a fictitious minor for the purpose of guilt under 18 U.S.C. § 2422(b) . . . [he] committed or attempted to commit an offense against a 'minor' for the purpose of eligibility under U.S.S.G. § 4C1.1(b)(2)." (ECF No. 70, at 2.)

Mr. Bryant's reliance on *United States v. Haas*, 986 F.3d 467, 478–79 (4th Cir. 2021) does not salvage his argument. In *Haas*, the United States Court of Appeals for the Fourth Circuit held that the definition of "minor" in subsection A of the application note to U.S.S.G. § 2G2.1,[4] which defines a minor only as "an individual who has not attained the age of 18

---

[4] The application note to § 2G1.1(b)(1) defines "minor" to mean:

(A) an individual who had not attained the age of 18 years;

(B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or

(C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.

U.S.S.G. § 2G1.1, cmt 1.

10

years," does not include fictitious minors. *Id.* (citing U.S.S.G. § 2G2.2, cmt. 1(A).) In so holding, the Fourth Circuit noted that the subsequent subsection offered an alternative definition of minor that expressly defined a minor as an individual, "*whether fictional or not, who a law enforcement officer represented to a participant*" was under the age of 18. *Id.* (citing U.S.S.G. § 2G2.2, cmt. 1(B)) (emphasis added). The Fourth Circuit declined to read the phrase "fictitious or not" into subsection (A)'s definition, explaining that doing so would render the use of that phrase in subsection (B) superfluous and violate the canon of *expressio unius est exclusio alterius* (expressing one item of an associated group excludes another left unmentioned), which advises that when language is used in one part of a text and not in another, the exclusion is presumed intentional. *Id.*

Emphasizing the Fourth Circuit's application of *expressio unius est exclusio alterius*, Mr. Bryant appears to suggest that the absence of any explicit reference to "fictitious" minors in § 4C1.1(b)(2) must be read to mean that its exclusion in § 4C1.1(b)(2) was, as the Fourth Circuit concluded in *Haas*, intentional. (ECF No. 70, at 3.) But here, unlike in *Haas*, the Court is not tasked with defining the word "minor" at all. That several provisions of the Guidelines expressly define "minor" to include a "fictitious" minor is of no consequence, because the relevant provision here—§ 4C1.1(b)(2)—does not use the word "minor." Put differently, the Sentencing Commission's use of the word "fictitious" in the definition of "minor" in other sections of the Guidelines does not implicate *exclusio* with respect to § 4C1.1 because § 4C1.1 does not include a definition of "minor" at all. Rather, § 4C1.1 provides that the Court must determine only whether a defendant's offense is a "sex offense" under one of several enumerated statutes. Mr. Bryant's violation of 18 U.S.C. § 2422(b) (which includes an *attempt* to commit such a violation) is one such "sex offense."

11

In sum, because Mr. Bryant was convicted of coercion and enticement in violation of 18 U.S.C. § 2422(b), perpetration or attempt of which amounts to a "sex offense" as defined by U.S.S.G. § 4C1.1(b)(2), the Court concludes that Mr. Bryant committed a "sex offense" within the meaning of § 4C1.1(a)(5). He is therefore ineligible for the two-point reduction to his Total Offense Level under § 4C1.1(a).

With no change to Mr. Bryant's Total Offense Level or Criminal History Category, Mr. Bryant's advisory guidelines range remains 135–168 months. *See* U.S.S.G. Ch. 5 Pt. A (Sentencing Table). Mr. Bryant is therefore ineligible for an adjustment of sentence pursuant to Amendment 821. *See* U.S.S.G. § 1B1.10(a)(1). Given this finding, the Court need not turn to the 18 U.S.C. § 3553(a) sentencing factors, which it weighed in full during the original sentencing process.

### IV. Conclusion

For the reasons explained above, the Court will deny Mr. Bryant's Motion for Sentence Reduction. (ECF No. 68.)

An appropriate Order shall issue.

Date: June 2, 2026
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge

12